UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-06850-AB-KES | Date: | November 17, 2026 |

| | |
|---|---|
| Title: | *Nisa Mutallimova v. James Janecka, et al.* |

| | |
|---|---|
| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| | |
|---|---|
| Evelyn Chun | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [Dkt. No. 2; Dkt. No. 10]**

On November 13, 2026, Petitioner Nisa Mutallimova ("Petitioner"), through counsel, filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause ("TRO Appl.," Dkt. No. 2) and Petition for Writ of Habeas Corpus ("Pet.," Dkt. No. 1). On November 13, 2026, the Court issued an Order and Briefing Schedule ordering Respondents to respond by November 18, 2026 and setting the matter for oral argument on November 20, 2026. Dkt. No. 3. On November 16, 2026, Petitioner filed an additional *Ex Parte* Application for Temporary Restraining Order ("Second TRO", Dkt. No. 10). As of the date of this Order, Respondents have not filed a response. Given recent developments suggesting further risk of irreparable harm and, for the reasons set forth below, Petitioner's TRO Application for Immediate Release is **GRANTED**. The hearing set for November 20, 2026 is hereby **VACATED.**

## I. BACKGROUND

Petitioner initiated this action through a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," Dkt. No. 1) challenging the lawfulness of her detention. Petitioner challenges her detention on the grounds that she is not subject to detention under 8 U.S.C. §1225(b), that even under § 1226(a) she is entitled to a hearing, and that her arrest and detention without a pre-deprivation hearing violates the Fifth Amendment's Due Process Clause. *Id.* In addition, Petitioner filed two TRO applications for Immediate Release (Dkt. No. 2; Dkt. No. 10). Petitioner is a citizen of Azerbaijan who was inspected and admitted to the United States as an F-1 student in 2024. TRO Appl. at 5. Petitioner works as a Sales and Catering Coordinator for Warwick and lives in Brooklyn, New York. *Id.* at 6. She has not left the country since her admission and has a timely asylum application pending with USCIS. *Id.* at 5. Petitioner received employment authorization valid through November 18, 2030 and has no criminal record or removal order. *Id.*

On November 12, 2026, Petitioner was arrested at Los Angeles International Airport ("LAX") as she prepared to board a flight back to her home in New York. *Id.* She was taken into custody without any notice, explanation of changed circumstances, or hearing. *Id.* Petitioner has been detained in Adelanto ICE Processing Center ("Adelanto") since November 12, 2026, over 2,400 miles from her home. *Id.* Petitioner suffers from eczema and diabetes and has not received her prescribed medications and treatments. *Id.* Since being detained, Petitioner's medical condition has deteriorated sharply. Second TRO at 2. Petitioner alleges the facility gave her Metformin for prediabetes, a medication she has had adverse reactions to previously. *Id.* Petitioner has been vomiting and suffering from extreme weakness while in custody. *Id.* Confinement is also triggering Petitioner to experience panic attacks related to her experience being trapped in a fire in which her mother died. *Id.*

Though Respondents have not responded to Petitioner's Applications as of the date of this Order, Petitioner, on information and belief, alleges that Respondents are holding her without bond on the theory that she is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). TRO Appl. at 4. On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a decision in *Matter of Yajure Hurtado* finding that non-citizens, like Petitioner, who entered the United States without inspection are classified as "applicants for admission." 29 I&N Dec.216 (BIA 2025). These noncitizens are now ineligible for bond redetermination hearings pursuant to 8 U.S.C. § 1225(b)(2)(A). TRO Appl. at 7.

Petitioner argues that the Ninth Circuit, in *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th. Cir. 2026*)*, rejected that theory for noncitizens apprehended in the interior. *Id.* at 3. Petitioner alleges that her ongoing detention without a pre-deprivation hearing deprives her of statutory and constitutional rights. *Id.* Accordingly, Petitioner has filed the present TRO Applications requesting relief in the form of her immediate relief from ICE custody.

In deciding this case, this Court becomes one of many district courts to consider the issues raised by Petitioner in her TRO Application. *See, e.g., Benitez v. Noem*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Arrazola Gonzalez v. Noem*, 5:25-cv-01789-ODW-DFM (C.D. Cal. Aug. 15, 2025); *Vasquez Garcia v, Noem*, 3:25-cv-02180-DMS-MMP (S.D. Cal. Sept. 3, 2025). This Court now joins those which have previously reviewed this issue and **GRANTS** Petitioner's TRO Application.

## II. LEGAL STANDARD

To obtain a TRO, Petitioner must show (1) that she is likely to succeed on the merits of her claims, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Stromans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

A TRO is a kind of ex parte application, so the moving party must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words . . . the moving party [must show why it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D.Cal. 1995) (explaining that the applicant for ex parte relief must demonstrate urgency and that it is without fault in creating the urgency).

## III. DISCUSSION

### i. Likelihood of Success on the Merits

Petitioner asserts that 8 U.S.C. § 1225(b)(2)(a) does not authorize her detention, as it applies only to an "applicant for admission", defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Pet. at 16. Petitioner was inspected and admitted as an F-1 student in 2024 and timely filed an asylum application with USCIS. *Id.* Thus,

she was not "seeking admission" when she was arrested. Further, she was not arriving in the United States. *Id.*

Conversely, 8 U.S.C. § 1226 applies to noncitizens *currently residing* in the country but who "do not have an absolute right to remain here." *Id.* Thus, Petitioner alleges that any authority to detain her would arise, if at all, under 8 U.S.C. § 1226(a), which entitles her to an individualized custody determination and to release her on bond or conditional parole basis. Release under § 1226(a) confers an "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022). Petitioner has not received any such determination or release. *Id.*

Adopting this position for the reasons set forth above, this Court finds Petitioner is likely to succeed on the merits of her claim, as she belongs to the class of individuals covered under § 1226 and should not be detained pursuant to § 1225.

**ii. Irreparable Harm**

In order to obtain a TRO, a Petitioner must demonstrate she is likely to suffer irreparable harm in the absence of preliminary relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Petitioner suffers from diabetes and eczema. *See* Second TRO. Her mental and physical health have sharply declined while in custody. *Id.* Petitioner has been detained by ICE without a pre-deprivation hearing and without adequate access to necessary medical care. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of liberty [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). It is well established that the "deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

The Ninth Circuit has further recognized the irreparable harms suffered by those in ICE detention, including "subpar medical and psychiatric care. . . economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

Petitioner's continued detention in ICE custody with subpar medical care constitutes an irreparable harm. Petitioner has become so weak that she is unable to get out of bed or to lift a tablet to communicate with her counsel. Second TRO at 7. Petitioner has satisfied her burden of proving she will suffer irreparable harm if she continues to be held in custody. This Court finds the second TRO factor is satisfied.

### iii. Balance of the Equities and Public Interest

The last two TRO factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This Court finds that both the balance of the equities and the public interest weigh heavily in favor of Petitioner.

As noted above, it is likely that Petitioner's continued detention, subpar medical care, and denial of a hearing constitute a violation of federal law. Violations of federal law are neither equitable nor in the public's interest. *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013).

While the Court recognizes that Respondents have a compelling interest in the enforcement of immigration laws, this interest is not so compelling as to permit Respondents to violate Petitioner's statutory rights and put her in a position of irreparable harm as to her physical and mental health.

Accordingly, this Court finds that the final two TRO factors weigh in favor of Petitioner.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's *Ex Parte* Application for a Temporary Restraining Order (Dkt. No. 2) and *Ex Parte* Application for a Temporary Restraining Order (Dkt. No. 10). The Court does not make any ruling or reach the merits of Petitioner's Habeas Petition (Dkt. No. 1) at this time.

**IT IS HEREBY ORDERED:**

1. Respondents shall **RELEASE** Petitioner (A# 242-362-961) from custody immediately, and in no event later than 24 hours after entry of this Order.

2. Pending further order of the Court, Petitioner shall reside at the Brooklyn, New York address stated in her Petition (Dkt. No. 1), shall appear at all scheduled immigration proceedings, and shall comply with any reasonable reporting conditions Respondents impose consistent with this Order.

3. Respondents shall not re-detain Petitioner during the pendency of this action absent further order of the Court.

4. Within 72 hours of the issuance of this Order, Respondents shall file a notice confirming compliance with this Order.

**IT IS SO ORDERED**.